IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Philip A. Brimmer**

Civil Action No. 22-cv-03062-PAB-KAS

DEAN CARBAJAL, et al.,

    Plaintiffs,

v.

COLORADO DEPARTMENT OF CORRECTIONS, et al.,

    Defendants.
_____

**ORDER**
_____

This matter is before the Court on Plaintiffs [sic] Motion for Administrative Stay or, Alternatively, Adminsitrative [sic] Closure [Docket No. 91]. The Court has jurisdiction under 28 U.S.C. § 1331.

This case arises from allegations that defendants deliberately allowed Covid-19 to spread among prisoners at the Sterling Correctional Facility of the Colorado Department of Corrections. *See generally* Docket No. 18. Plaintiffs Dean Carbajal and Warren Worthington allege they suffered injuries as a result of defendants' actions. *Id.* at 3-4, ¶¶ 5-6. Mr. Carbajal also claims to be the personal representative of the estates of three deceased prisoners. *Id.* at 4, ¶¶ 7-9. Mr. Carbajal and Mr. Worthington seek to represent a class of all other similarly situated inmates incarcerated by the Colorado Department of Corrections. *Id.*, ¶ 10.

On April 14, 2024, plaintiffs filed a motion to administratively stay or administratively close this case. Docket No. 91. Defendants do not oppose this motion. *Id.* at 1. Plaintiffs state that "the underlying action is at a standstill due to the litigation of

the proper appointment of representative of estate in State District Court Probate Court proceedings." *Id.* at 2.  The unopposed motion therefore requests that the Court administratively stay or close all proceedings in this action until the probate action is resolved.  *Id*.  The motion does not provide any further detail regarding the nature of the probate action or which estate or estates are at issue.  But the Court believes that the probate action likely involves the formalization of the representatives for some or all of the estates named in the complaint.

A court may enter a stay of proceedings incidental to its inherent power to "control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants."  *Springmeadows Condo. Ass'n v. Am. Family Mut. Ins. Co.*, No. 14-cv-02199-CMA-KMT, 2014 WL 7005106, at *1 (D. Colo. Dec. 9, 2014) (quoting *Landis v. N. Am. Co.*, 299 U.S. 248, 254-55 (1936)).  However, the Tenth Circuit has cautioned that "the right to proceed in court should not be denied except under the most extreme circumstances."  *Commodity Futures Trading Comm'n v. Chilcott Portfolio Mgmt., Inc.*, 713 F.2d 1477, 1484 (10th Cir. 1983) (citation omitted).  Stays of all proceedings in a case are thus "generally disfavored in this District" and are considered to be "the exception rather than the rule."  *Davidson v. Bank of Am. N.A.*, No. 14-cv-01578-CMA-KMT, 2015 WL 5444308, at *1 (D. Colo. Sept. 16, 2015).  A stay may, however, be appropriate in certain circumstances.  Courts in this district consider the following factors (the "*String Cheese* factors") in determining whether a stay is appropriate: (1) the plaintiff's interests in proceeding expeditiously with the civil action and the potential prejudice to plaintiff of a delay; (2) the burden on the defendant; (3) the convenience to the court; (4) the interests of persons not parties to the civil litigation; and (5) the public interest.  *Springmeadows Condo. Ass'n*, 2014 WL 7005106, at *1

(citing *String Cheese Incident, LLC v. Stylus Shows, Inc.*, No. 05-cv-01934-LTB-PAC, 2006 WL 894955, at *2 (D. Colo. Mar. 30, 2006)).

The Court finds that the *String Cheese* factors weigh in favor of a stay. The unopposed motion states that plaintiffs would not be prejudiced by a stay and that defendants would benefit because the Colorado Attorney General's Office, who represents all of the defendants, would not have to defend duplicative lawsuits. Docket No. 91 at 5. The motion does not explain why defendants face a risk of duplicative lawsuits. But given the motion's reference to a probate dispute regarding the representative of a decedent's estate, Docket No. 91 at 2, the concern is either that competing representatives of an estate could each file a lawsuit or that one representative could later challenge the outcome of the other representative's suit. The Court agrees that either scenario would prejudice the defendants.

The convenience to the Court also weighs in favor of a stay of the proceedings because a stay would conserve judicial time and resources by avoiding duplicative litigation. The Court is unaware of any interests of non-parties, other than perhaps the unknown person or persons who are parties to the probate dispute, and therefore finds that the fourth factor is neutral. With respect to factor five, the public has an interest in the "efficient and just" resolution of legal disputes. *Thomas v. Rogers*, No. 19-cv-01612-RM-KMT, 2019 WL 5085045, at *3 (D. Colo. Oct. 10, 2019). While there is a public interest in the expeditious resolution of this case, there is also a public interest in the efficient use of judicial resources. The Court therefore finds that the fifth factor is neutral.

The Court finds that this case presents a circumstance where a stay of proceedings is warranted. Administrative closure pursuant to D.C.COLO.LCivR 41.2

may be appropriate when a case would otherwise be stayed for an indefinite amount of time.  See *Garcia v. State Farm Mut. Fire & Cas. Co.*, No. 20-cv-02480-PAB-MEH, 2021 WL 4439792, at *6 (D. Colo. Sept. 27, 2021) (ruling that case should be administratively closed pursuant to D.C.COLO.LCivR 41.2 because the appraisal proceedings would last for an indefinite period of time).  Administrative closure is "the practical equivalent of a stay."  *sPower Dev. Co., LLC v. Colo. Pub. Utilities Comm'n*, No. 17-cv-00683-CMA-NYW, 2018 WL 5996962, at *4 (D. Colo. Nov. 15, 2018) (quoting *Quinn v. CGR*, 828 F.2d 1463, 1465 n.2 (10th Cir. 1987)).  Since this case will be stayed for an unknown period of time pending the state probate court ruling and any appeals of that ruling, the Court finds good cause to administratively close this case pursuant to D.C.COLO.LCivR 41.2, subject to being reopened for good cause shown.  The resolution of the probate matter will constitute "good cause."

It is therefore

**ORDERED** that Plaintiffs [sic] Motion for Administrative Stay or, Alternatively, Adminsitrative [sic] Closure [Docket No. 91] is **GRANTED**.  It is further

**ORDERED** that, pursuant to D.C.COLO.LCivR 41.2, this case is administratively closed.  A party may move to reopen the case for good cause.  It is further

4

**ORDERED** that the parties shall file a status report on or before **August 25, 2025**, or within **14 days** after the resolution of the state probate cases, whichever is earlier.

DATED February 25, 2025.

BY THE COURT:

_____
PHILIP A. BRIMMER
Chief United States District Judge