IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 22-cv-03062-PAB-KAS

DEAN CARBAJAL, et al.,

    Plaintiffs,

v.

COLORADO DEPARTMENT OF CORRECTIONS, et al.,

    Defendants.

_____

**ORDER**
_____

This matter comes before the Court on the Motion for Leave to Amend Complaint and Reopen this Case [Docket No. 105]. Defendants filed a notice of non-opposition. Docket No. 107.

This case arises from allegations that defendants deliberately allowed Covid-19 to spread among prisoners at the Sterling Correctional Facility of the Colorado Department of Corrections. *See generally* Docket No. 18. Plaintiffs Dean Carbajal and Warren Worthington allege they suffered injuries as a result of defendants' actions. *Id.* at 3-4, ¶¶ 5-6. Mr. Carbajal also claims to be the personal representative of the estates of three deceased prisoners (the "Estate plaintiffs"). *Id.* at 4, ¶¶ 7-9. Mr. Carbajal and Mr. Worthington, who are pro se, seek to represent a class of all other similarly situated inmates incarcerated by the Colorado Department of Corrections. *Id.*, ¶ 10.

Plaintiffs sought to administratively close the case pending the outcome of state court litigation on the proper appointment of the representative of the estates of the

Estate plaintiffs.  Docket No. 91 at 1-2.  On February 25, 2025, the Court granted

plaintiffs' motion to administratively close the case.  Docket No. 102.  The Court noted

that a party may move to reopen the case for good cause shown.  *Id.* at 4.  On August

18, 2025, Mr. Carbajal filed a status report that the probate proceeding was still

ongoing.  Docket No. 104.  On January 20, 2026, Mr. Carbajal filed a motion to amend

the complaint and reopen the case,[1] alleging that the state court is "intentionally

interfering with the appeal of this improper denial of appointment of representative of the

Estate."  Docket No. 105 at 1.  Mr. Carbajal claims that "[t]his abusive conduct will likely

result in an indefinite stay of proceedings.  Therefore, the plaintiff Mr. Carbajal is moving

to amend the Complaint to effectively remove the three Estate [plaintiffs] and any class

action claims.  The plaintiff Mr. Worthington joins in this action and the Third Amended

Complaint."  *Id.* at 1-2.

On January 29, 2026, plaintiffs filed a proposed third amended complaint.

Docket No. 106.  The third amended complaint omits the Estate plaintiffs and the class

action claims.  *See generally id.*  Moreover, the third amended complaint adds new

factual allegations and a new claim for relief, alleging that defendants engaged in a

conspiracy to "create herd immunity," in violation of plaintiffs' Eighth and Fourteenth

Amendment rights.  *Id.* at 32, ¶ 91.  Plaintiffs, however, did not "attach as an exhibit a

copy of the amended pleading which strikes through (e.g., ~~strikes through~~) the text to be

---

[1] The motion states that it is brought by both Mr. Carbajal and Mr. Worthington. Docket No. 105 at 1.  The motion, however, is only signed by Mr. Carbajal.  *Id.* at 2.  Mr. Carbajal and Mr. Worthington are both proceeding pro se, and Mr. Carbajal has no authority to represent Mr. Worthington.  In order for the motion to be effective as to Mr. Worthington, it must be signed by Mr. Worthington.

deleted and underlines (e.g., <u>underlines</u>) the text to be added," which is mandated by Local Rule 15.1(a).  D.C.COLO.LCivR 15.1(a).  Moreover, the proposed third amended complaint is dated November 7, 2023, years before it was submitted to the Court and long before plaintiffs' frustrations with the probate proceedings.  *See* Docket No. 106 at 34.  On February 12, 2026, defendants filed a notice of non-opposition, stating that "[t]he CDOC Defendants take no position in response to Plaintiffs' Motion to file an amended complaint and leave resolution of the Motion to the sound discretion of the Court."[2]  Docket No. 107 at 3.

On May 7, 2026, the Court issued an order stating that it would not grant leave to amend the complaint unless Mr. Carbajal filed a new version of the proposed third amended complaint that complies with Local Rule 15.1(a) and that contains an original signature from both Mr. Carbajal and Mr. Worthington that is dated within one week of submission.  Docket No. 108 at 4-5.  On May 28, 2026, Mr. Carbajal filed a response to the May 7, 2026 order, stating that he was unable to obtain a signature from Mr. Worthington and that he "will sign the amended complaint solely on his own behalf." Docket No. 109 at 1.  Mr. Carbajal subsequently filed an amended complaint.  Docket No. 110.  The amended complaint, however, continues to list Mr. Worthington as a plaintiff and brings claims on his behalf.  *See generally id.*  As the Court has already explained, Mr. Carbajal is not an attorney and has no authority to represent Mr. Worthington.  Therefore, the Court will deny without prejudice Mr. Carbajal's motion to reopen the case and amend the complaint.  Mr. Carbajal may file a new motion for

---

[2] Defendants specify that they "do not stipulate to the sufficiency or merits of the proposed Third Amendment Prisoner Complaint and reserve the right to file a motion to dismiss."  Docket No. 107 at 3.

leave to amend, but the proposed amended complaint must be signed by every plaintiff that it lists.

Mr. Carbajal also requests that the Court schedule a status conference to determine whether Mr. Worthington would like to proceed on his own behalf or, in the alternative, appoint counsel to Mr. Worthington.  Docket No. 109 at 1.  The Court will deny this request.  If Mr. Worthington wishes to proceed in this action, he must sign the amended complaint.  Whether or not Mr. Worthington signs the amended complaint is a sufficient indication of whether Mr. Worthington wishes to proceed in this action. Moreover, any request to appoint counsel for Mr. Worthington must be made by Mr. Worthington, not by Mr. Carbajal.

Therefore, it is

**ORDERED** that the Motion for Leave to Amend Complaint and Reopen this Case [Docket No. 105] is **DENIED without prejudice**.  It is further

**ORDERED** that, on or before **July 17, 2026**, Mr. Carbajal shall file a new motion to reopen the case and for leave to amend.

DATED June 22, 2026.

BY THE COURT:

PHILIP A. BRIMMER
United States District Judge

4